## Corley v. Carson, et al.

(Decided February 16, 1923.)

### Appeal from McCracken Circuit Court.

1. Bills and Notes—Innocent Purchaser.—One who executes a note relying upon the fraudulent representation of another but which note he has not paid, cannot maintain an action against the other to recover the amount of the note except by showing that the note is in the hands of an innocent purchaser for value, and that the original payee is insolvent.

2. Bills and Notes—Pleading—Evidence.—The evidence introduced by appellant was not sufficient to support the averments of his petition.

JIM CAMPBELL and W. L. KRONE for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Corley sued Luther S. Carson, Allen H. Shemwell, N. R. Farris and George E. Allen, in the McCracken circuit court, to recover $500.00, which he alleges the said persons obtained from him through deceit, false representations and fraud in substantially the following way:. Said Carson, Shemwell, Farris and Allen in June, 1918, associated themselves together in a joint adventure for the purpose of organizing a corporation with a capital stock of $200,000.00, to take over and operate certain fluorspar mines located in Livingston county, and that said persons prepared articles of incorporation and caused the same to be recorded in the office of the clerk of the McCracken county court, and sent a copy of the same to the secretary of state of Kentucky, at Frankfort, to be recorded in his office, but that said corporation was never properly, duly, or at all, organized because the said articles were not received, accepted, approved and recorded in the office of the secretary of state; and further that the said corporation was not approved by the federal capital issue committee, which body was organized under the act of Congress of April 5, 1918, and said pretended corporation was not passed by said capital issue committee nor allowed to organize or do business. That after the said articles of incorporation had been signed and recorded in the office of the clerk of the Mc-

Cracken county court said named persons employed agents and sent them out to sell stock in the said corporation which said agents approached appellant Corley and by false representations and deceit induced and persuaded appellant to purchase fifty shares, at ten dollars each, of the said stock of the said pretended corporation at the price of $500.00, and to execute his note to said corporation for the said sum which said note has been transferred to a bank; that the said salesmen of the said corporation falsely and fraudulently represented to him that Judge Wm. Reed, of Paducah, and Dr. Webb had become stockholders of the said corporation and that he relied upon said representations and purchased the said stock. Appellees answered and denied most of the averments of the petition, especially those of fraud and false representations and prayed to be dismissed hence. The petition was amended and it was more specifically averred that the false representations made by the agents of appellees were made with the knowledge that the same were false; and further that the corporation which the appellees undertook to organize in the first instance was abandoned and another corporation with a a capital stock of less than $100,000.00 was organized in lieu thereof.

In examining the evidence we do not find enough to support the averments of the petition to the effect that the agents of appellees falsely and fraudulently represented to appellant any material fact connected with the sale of the said stock. Indeed the averments of the petition are not such as would support a cause of action, if they had been sustained by the proof. It is neither averred nor proven by appellant Corley that the note which he gave for the said stock had ever been paid by him or that it had passed into the hands of innocent purchasers in such a way as to obligate him for its payment. He was, therefore, not entitled to recover of appellees the said sum of $500.00. Many other defects might be pointed out but the foregoing are sufficient to convince us that the trial court committed no error in adjudging that appellant's petition be dismissed.

Judgment affirmed.